[No. 7,171.—Department One.]

## WILLIAM BUTCHER v. VACA VALLEY RAILROAD COMPANY.

WITNESS—TESTIMONY ON FORMER TRIAL.—A witness more than thirty miles from the place of trial, and outside of the county, but within the State, is not out of the jurisdiction of the Court, so as to authorize the reading of his testimony given at a former trial of the cause.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Seventh District Court, County of Solano. WALLACE, J.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*Joseph McKenna*, for Appellant.

It was error to allow the testimony of Jennie Taylor, given at a former trial, to be read in evidence. She was within the jurisdiction of the Court.

*Walter Van Dyke*, and *George A. Lamont*, for Respondent.

The witness Jennie Taylor was out of the jurisdiction of the Court, in that she was not obliged to obey the process by attending the trial. (Code Civ. Proc. § 1989.)

Ross, J.:

On the former trial of this cause, one Mrs. Taylor was examined as a witness on behalf of the plaintiff.

On the last trial in the Court below, it was shown on the part of the plaintiff, that Mrs. Taylor was not then in the county in which the trial was had, but was at her residence in the city of San Francisco, more than thirty miles distant from the place of trial; and thereupon the plaintiff, against the objections of the defendant, was permitted to read in evidence the testimony given by Mrs. Taylor on the former trial, as taken down by the short-hand reporter, to all of which the defendant duly excepted.

In support of the action of the Court below in this particular,

the respondent relies upon § 1989 of the Code of Civil Procedure, and subdivision 8 of § 1870 of the same Code. Section 1989 is as follows: "A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer, out of the county in which he resides, unless the distance be less than thirty miles from his place of residence to the place of trial." And subdivision 8 of § 1870: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts:    *    *    *    8. The testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter."

It is claimed that Mrs. Taylor was " out of the jurisidiction " of the court, and that therefore, under the provision of the law last quoted, her testimony given on the former trial was admissible. But it is manifest that this is not so. The jurisdiction of the late District Courts was not limited to their own county. The *personal attendance* of Mrs. Taylor at the trial could not have been compelled, under § 1909 of the Code of Procedure, cited by respondent's counsel; but her deposition could have been taken (§ 2021, Code of Proc.), and her attendance before the officer appointed to take such deposition could have been compelled. (§§ 1986 and 1991, Code of Proc.)

We think it clear, that the Court below erred in admitting in evidence the testimony of the witness given on the former trial, against the objections of the defendant; and for this reason, the judgment and order are reversed, and the cause remanded for a new trial.

McKINSTRY, J., and MORRISON, C. J., concurred.