## JOSEPH P. WHITWELL v. ERIC WOLF.[1]

November 13, 1914.

Nos. 18,814—(67).

**Negligence — finding of court sustained.**
    The court did not err in finding that plaintiff's *prima facie* case of negligence was not rebutted by defendant's evidence. [Reporter.]

Action in the municipal court of St. Paul to recover $400. The case was tried before Hanft, J., who made findings and ordered judgment for $250 in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John J. Kirby*, for appellant.
*Denegre & McDermott*, for respondent.

PER CURIAM.

This is an action to recover damages for the death of a horse, alleged to have been caused by defendant's negligent management of an automobile. The cause was tried by the court without a jury, and findings made for plaintiff. Defendant appealed from an order denying a new trial.

The accident occurred on a street, running north and south, in St. Paul. Plaintiff tied his horse to a hitching post at the curb on the east side of the street, leaving the animal facing north. A few feet further north, on the opposite side of the street, stood a covered automobile. Some 15 minutes later plaintiff discovered that the animal had been so badly injured by defendant's automobile that it had to be killed. After proving these facts and the value of the animal, plaintiff rested.

Under the doctrine of *res ipsa loquitur* the burden of explaining that the accident did not occur from want of care then devolved upon defendant. He

[1] Reported in 149 N. W. 299.
    127 M.—34.

testified, in his own behalf, that, while he was driving south on the west side of the street, but near the center, at a, speed of ten or twelve miles an hour, and when he was from seven to eight feet from the horse, and passing the standing automobile, one Peterson, whom he did not see until he was five or six feet away, came towards him from behind the latter on a bicycle, and to avoid colliding with him he turned his machine almost at right angles to the left and applied the brakes; but the pavement was wet and in bad condition, and the machine, slipping, struck the horse, causing the injury.

The street was of average width, but the lay of the ground did not appear. Defendant's car was new, but no proof was made of its condition, nor of defendant's competency as a driver, except that he had driven an automobile for about a year, nor within what distance the car could be stopped when going at the rate of speed claimed under any circumstances. Defendant produced no other witness, nor was Peterson's absence explained. After the accident the automobile was found facing towards and directly square with the horse.

In this state of the record we cannot hold that the trial court erred in finding that plaintiff's *prima facie* case of negligence was not rebutted.

Order affirmed.