[L. A. No. 4901. Department Two.—June 13, 1919.]

## MARY E. WILLARD et al., Respondents, v. VALLEY GAS & FUEL COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — GAS EXPLOSION — DESTRUCTION OF DWELLING—EVI-DENCE—PRESUMPTION OF NEGLIGENCE NOT REBUTTED.—In an action for damages for the destruction of a dwelling-house by a fire alleged ⋅to have been caused by the negligence of a gas company, the presumption of negligence .arising from the happening of the accident which was due to an explosion of gas while an employee of the company was engaged in cleaning a drip-pipe in the base-ment was not overcome where it was fairly inferable from the testimony of the employee that he assumed the risk without cut-ting off the gas supply by closing a stop-cock in the service pipe, and opened the drip while there was a flame burning in the base-ment in a Ruud heater.

[2] ID.—ABSENCE OF PLAINTIFF FROM STATE — TESTIMONY IN FORMER ACTION ADMISSIBLE.—In such action, the testimony of the plaintiff given at a former trial was admissible where it was shown that plaintiff was absent from the state and temporarily residing in another state.

[3] ID.—MEMORANDUM OF LOST ARTICLES—REPORTER'S TRANSCRIPT AD-MISSIBLE.—The reporter's transcript which contained the memo-randum of the lost personal property made by plaintiff and which was used by her when giving her testimony at the first trial was properly received in evidence in such action, where such momoran-dum was not used merely for the purpose of refreshing memory, but was stipulated to be the testimony of the plaintiff on the subject.

[4] ID.—VALUE OF LOST PROPERTY—OPINION OF HUSBAND OF PLAIN-TIFF.—In such action, the opinion of the husband of the plaintiff, as to the value of the lost personal property was admissible, al-⋅though he was not the owner thereof, where he had an intimate and adequate knowledge of the character of such property, acquired by association with and observation thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Modified.

The facts are. stated in the opinion of the court.

Porter & Sutton for Appellant.

Denis & Loewenthal and Jesse F. Waterman for Respond-ents.

LENNON, J.—This is an appeal from a judgment in favor of the plaintiffs in an action instituted to recover damages for the destruction of a dwelling-house by a fire alleged to have been caused by the negligence of the defendant.

The gas-meter in the plaintiff Willard's house was below the level of the defendant's street-mains. Water and naphthalene crystals accumulate at low points in gas-mains and are collected in drip-pipes, which are cleaned as occasion demands. Such a pipe was installed in a basement room of the Willard home. In this room there was also a gas-plate for laundry purposes and a Ruud water-heater. It became necessary to clean the drip-pipe. This the defendant's workman, one Mills, undertook to do. The fire in question followed an explosion which occurred while Mills was occupied with his work and alone in the basement. The house and its contents were destroyed in the ensuing conflagration. Plaintiff's damage was found and fixed by the trial court, sitting without a jury, in the sum of thirteen thousand dollars—six thousand five hundred dollars for the house and six thousand five hundred dollars for the personal property contained therein.

The two contentions of the appellant are: '(1) That the finding of negligence is not supported by the evidence, and (2) That the finding as to the value of the personalty destroyed rests in part upon incompetent evidence and erroneous computations.

Plaintiff's case was presented and rested practically upon proof of the happening of the explosion and the presumption of negligence arising therefrom as a matter of law. In an endeavor to meet and balance this presumption, the defendant relied on the testimony of Mills and the claimed contributory negligence of the plaintiff Willard in insisting that the drip-pipe should be located in the basement of the house rather than out of doors despite the warning of the defendant that such a location of the drip-pipe was fraught with danger. Responsive to the defense of contributory negligence, the defendant introduced evidence tending to show that the plaintiff Willard had been warned of the danger of fire as a result of cleansing a drip-pipe so located, but had nevertheless insisted upon having the pipe placed in the basement rather than out of doors. But even so, the court was not compelled to find therefrom that the plaintiff was guilty of contributory

negligence. "There was no evidence that there was any inherent danger of explosion of gas due to the placing of these appliances indoors." (*Willard* v. *Valley Gas & Fuel Co.,* 171 Cal. 9, 13, [151 Pac. 286, 288].) And, moreover, it appears from the testimony of Mills that the entire gas supply of the house could be cut off by closing a stop-cock in the service pipe thereby obviating all possible danger of fire in the course of cleaning the drip-pipe. It was also made to appear in evidence that, when ordinary care was used to keep flames away from the vicinity of the drip-pipe, there was so little danger of fire that the gas was often left on when the pipe was being cleaned in order that the gas pressure might assist in eliminating the naphthalene crystals. It was also shown in evidence that the drip-pipe in the house in question had been cleaned on numerous occasions without accident.

Coming now to a consideration of the issue, evidence, and finding of the defendant's negligence, we find from the testimony of Mills that it is fairly inferable that he deliberately assumed the risk of leaving open the stop-cock in the service pipe while cleaning the drip. He was bound, therefore, to use care commensurate with the risk assumed. Nevertheless, he opened the drip while there was a flame burning in the room, that is to say, the pilot light of the Ruud heater, which stood about six feet from the drip-pipe. He had no means of knowing whether the obstruction in the drip was caused by water which might speedily run out and be followed by a flow of gas, or whether it was caused by crystals through whose interstices considerable gas might, as the evidence shows, escape into the room. 'Surely this was not the act of a careful workman. As it turned out, there was about half a teacup of water in the drip-pipe. The main obstruction, however, was caused by the naphthalene crystals. When Mills discovered this condition of the pipe, he replaced, so he testified, the plug loosely and proceeded to examine the room for flames. He turned off the pilot light in the Ruud heater, and then opened the lower doors of the heater to make sure it was out. There is some evidence to the effect that a Ruud heater gathers soot about the pilot light and around the hot-water coils in which a spark might remain alight for several moments after the gas was turned off. In spite of this fact, Mills neither examined the coils nor waited for so much as a moment before proceeding to clean the drip. He immedi-

ately unplugged the pipe and began hitting it in an endeavor to jar loose the crystals.   There was at once a terrific explosion from the direction of the heater and the flames therefrom started and spread the conflagration from which the damage complained of arose.   [1]  Clearly, in the presence of this evidence, it cannot be fairly said that the trial court was not justified in finding that the presumption of negligence from the happening of the accident stood unrebutted and unbalanced.

The finding that the value of the personal property destroyed by the fire was the sum of six thousand five hundred dollars does rest in part upon an erroneous computation.   The plaintiff admits that a reduction of $82.50 should be made, but the calculation upon which this admission is based shows a mistake in addition and subtraction which calls for a further and additional reduction in the sum of $87.50.

Three of the rulings of the trial court are assigned as error: (1) Receiving in evidence the testimony of the plaintiff, Mrs. Willard, given at a former trial; (2) Permitting in evidence the reporter's transcript of the evidence taken at the former trial of the case, which embodied a memorandum made by Mrs. Willard of the articles of personal property destroyed in the house, and (3) Admitting in evidence the testimony of Mr. Willard, given at a former trial, concerning values, against the objection that he was not qualified to express an opinion thereon.

[2]  It was shown at the trial that Mrs. Willard was then absent from the state of California and was temporarily residing in the state of Arizona, where it appears that she had gone in search of health.   Her absence from the state was a sufficient ground for admitting in evidence her testimony given at the first trial of the case.   (Code Civ. Proc., sec. 1870, subd. 8; *Hicks* v. *Lovell*, 64 Cal. 14, [49 Am. Rep. 679, 27 Pac. 942]; *Benson* v. *Shotwell*, 103 Cal. 163, 168, [37 Pac. 147]. See, also, *Meyer* v. *Roth*, 51 Cal. 582; *Butcher* v. *Vaca Valley R. R. Co.,* 56 Cal. 598.)

[3]  The reporter's transcript which contained the memorandum of the lost personal property made by Mrs. Willard and which was used by her when giving her testimony at the first trial of the case was properly received in evidence upon the trial herein.   This memorandum was not used by the witness merely for the purpose of refreshing her memory.   The

transcript of the testimony of the witness given at the first trial shows that this memorandum was in effect stipulated to be the testimony of Mrs. Willard, that is to say, upon the first trial, it was, in effect, stipulated as a matter of convenience and for the purpose of saving time, that Mrs. Willard would testify that every item in it was true and correct, and that counsel for defendant might thereupon cross-examine her concerning the same. The memorandum was then, it appears, incorporated in the record of the testimony of the witness upon the first trial not as an independent document but as part and parcel of the witness' testimony. This being so, there is obviously no merit in the objection that the plaintiffs were permitted the use of secondary documentary evidence without first showing the loss or destruction of the original.

No question is presented as to the admissibility of the transcript of the testimony of Mr. Willard given at the former trial, but it is insisted here, as it was specifically objected in the lower court, that his opinion as to values was permitted at the first trial solely upon the theory that he was the owner of the property, and that, inasmuch as it was conceded upon the second trial that he was not in fact the owner of the property, no foundation was laid for his opinion. Aside from all question of ownership, there is sufficient evidence in the transcript consisting of the testimony of Mr. Willard, adduced by preliminary questions, to show in effect and substance that he had an intimate and adequate knowledge of the character of the contents of the house, a knowledge gained by association with and observation of the various articles of personal property contained therein. It is evident that his opinion as to the value of these articles was based, in part at least, upon such observation and knowledge. The rule is that: "The knowledge of values in most cases does not depend upon professional or other skill; and witnesses, without having any special experience or training as would entitle them to be called experts, may yet have gained such a knowledge of the . . . subject under inquiry as to aid the court . . . in arriving at a conclusion. . . . Practically, the chief qualification is that the witness should have an intelligent idea of the value, founded on reliable observation, and capable of being conveyed by him in the form of an estimate and its basis to the court." (2 Jones on Evidence, Blue Book, sec. 363.) [4]

Measured by this rule, the objection as to the admissibility of Mr. Willard's testimony was correctly overruled.

The judgment appealed from is modified by deducting therefrom the sum of $170 erroneously included therein, and, as thus modified, the judgment will stand affirmed.

Wilbur, J., and Melvin, J., concurred.