[Civ. No. 3169. Third Appellate District.—November 29, 1926.]

## MARGARET SHEEAN, Appellant, v. W. B. FOSTER, Respondent.

[1] NEGLIGENCE—INJURY TO PERSON RIDING IN AUTOMOBILE—PASSENGER FOR HIRE — DEGREE OF CARE — EVIDENCE. — In this action for damages for personal injuries sustained by plaintiff while riding in defendant's automobile, it is held that there was no proof that plaintiff was a passenger for hire and that defendant owed plaintiff merely ordinary care and diligence for her safe carriage.

[2] ID. — FAILURE OF DEFENDANT TO EXERCISE ORDINARY CARE — CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In such action, defendant did not, in view of the facts adduced at the trial, exercise ordinary care and diligence for the safety of plaintiff, and as a matter of law the defense of contributory negligence was not established.

[3] ID. — PROXIMATE CAUSE — DAMAGES — INSTRUCTIONS. — In such action, an instruction dealing with the question of negligence which omitted the necessary element that the negligence must have been the proximate cause of the accident, and an instruction which limited the value of plaintiff's loss of time to a period not beyond the date of the filing of the suit, were erroneous.

---

(1) 42 **C. J.**, p. 1055, n. 35, 36, p. 1057, n. 59.    (2) 42 **C. J.**, p. 1233, n. 27, p. 1264, n. 78.    (3) 17 **C. J.**, p. 1079, n. 38; 42 **C. J.**, p. 1276, n. 99.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed.

The facts are stated in the opinion of the court.

---

1. Liability of owner or operator of automobile for injury to guest, notes, 20 A. L. R. 1014; 26 A. L. R. 1425.

Theo. L. Breslauer for Appellant.

Clinton W. Johnson and Charles W. Johnson for Respondent.

PULLEN, J., *pro tem.*—This is an action for personal injuries sustained by the plaintiff while riding in the automobile of defendant, which left the road and collided with a tree standing near the highway. The cause was tried by a jury and verdict for the defendant returned. Following the entry of judgment thereon plaintiff appeals, urging as a ground for reversal the insufficiency of the evidence to show contributory negligence and the giving by the court of certain instructions.

Defendant Foster was at the time referred to herein the proprietor of a mountain resort at Berry Creek, about eighteen miles from the city of Oroville. Upon the day in question Foster had arranged to go to Oroville and, according to the testimony of defendant, plaintiff said to him, "I would like to go to Oroville with you," to which defendant replied, "There will be an awful crowd—it is crowded, and I said: 'There is four men going and you make the fifth and there would be six in the car, and it would make it awful crowded' . . . and when I came out (of ice-cream parlor) and she was in the car."

The circumstances surrounding the injury to plaintiff are depicted in the testimony of defendant, called by plaintiff as a witness under the provisions of section 2055 of the Code of Civil Procedure:

"Q. How did that accident occur? A. It occurred just like this: This key had fallen out and every time when it fell it always fell to the right because the key is on that side of the post and she would be—being crowded I couldn't reach down. It was impossible for me to reach it because she was a good-sized woman and I was crowded and it fell down on her side and I was driving along slowly and I took my foot this way and kicked it over and I guess everyone was looking out the window, I don't know, no one said anything, and the first thing I knew someone said 'look out' and just about that time I hit the tree with the top and windshield and she was then down after this key and it was about twenty feet to the next tree. And I

think about that—it might have been less—and I just stepped on the brake and I hit the other tree, and that jarred the windshield loose just as she rose up. I was sitting in there and the other man was sitting in there and we never got a scratch and it never hurt my motor, and she got out, and the motor run right along, and there was a car come along and the man driving it, he took her to the hospital right away as soon as he could, and I never killed my motor. Q. When you run off of the road you were looking at the bottom of the car? A. I was looking somewhere—I wasn't looking at the road. I was trying to get the key. Q. How far did you go before you hit that tree when you left the road? A. Oh, probably sixty or seventy feet maybe. Q. Then if you say you were going twelve or fifteen miles an hour do you mean that you could not stop your car before hitting that tree sixty or seventy feet away? A. If I was looking and saw it I suppose I could have stopped, sure I could. I could stop the car within a few feet. . . . Q. How long a space would it take you to stop a car going twelve to fifteen miles an hour? A. Ten or twelve feet. Q. On this occasion even though you were going twelve to fifteen miles an hour and you left the road you traveled about sixty to seventy feet before you hit the tree? A. Possibly so. Q. Please tell the jury what happened to the car when you hit the tree. A. When I grazed the first tree that caught the side of the windshield and the top, and that is what broke everything loose—that is what broke the glass in the windshield and it was just—that is why my attention was called to it— just as I got to the first tree and I shoved on the brakes and went into the other tree in about twenty feet—not that far, I don't know. I don't think it was over ten feet. You can get the measurement where they are, they are there. Q. You side-swiped one tree first and that tree was about forty feet from the road where you left the road? A. No, sir. Q. How many feet was it from the road when you side-swiped the first tree? A. It was right by the road. Q. How many feet from the point where you hit? A. I don't know exactly, thirty-five or forty or fifty feet. I never measured it. Q. After you side-swiped that tree your car still went forward and you crashed headon into another tree? A. The man called my attention that I was off of the

road and I stepped on the brake and stopped it when I hit the other tree. Q. During the time your car was traveling off of the road side-swiping the tree you were still looking for the key? A. When it struck the first tree they called and I looked and I felt the jar and I stepped on the brake.''

By the key referred to above was meant the ignition key that fits into a lock on the steering post of the particular type of automobile driven by the defendant. It appeared that the key or keyhole was worn and occasionally it would fall out of the switch and thereby cut off the spark, causing the engine to miss fire and stop, which condition defendant further testified had continued for some time and was known to him to exist prior to the beginning of the trip on the day of the accident.

''Everyone is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, wilfully or by want of ordinary care, brought the injury upon himself.'' (Sec. 1714, Civ. Code.)

Defendant in his answer set up the special plea of contributory negligence, claiming that the act of plaintiff in becoming a passenger and riding in the front seat of the automobile between the driver, defendant herein, and another man, was upon her part such an act of negligence as to preclude her from recovering for any injuries proximately caused by the negligence of defendant.

[1] Plaintiff attempted to prove that she was a passenger for hire, which would by operation of law impose upon defendant a certain degree of care. We are of the opinion that there was no proof that she was such passenger for hire and that defendant owed her merely ordinary care and diligence for her safe carriage. Under the provisions of section 2096 of the Civil Code ''a carrier of persons without reward must use ordinary care and diligence for their safe carriage.'' [2] And we are of the opinion that defendant did not, in view of the facts adduced at the trial exercise such degree of care and diligence for the safety of plaintiff and that as a matter of law the defense of contributory negligence was not established.

[3] Appellant also criticises two instructions given by the court as follows: "Before you can find a verdict for the Plaintiff in this case you must believe from the evidence that Plaintiff's injuries, if you believe she suffered any injuries from that accident, were caused solely from the negligence of the Defendant and also you must believe that the Plaintiff was without negligence on her part, and in determining this question as to whether the Defendant exercised ordinary care in driving the machine, and whether the plaintiff exercised care for her own safety on that trip, you will consider all the testimony bearing upon the question describing the manner in which the Defendant was driving the car and the manner in which the Plaintiff acquired her seat in the said car and her actions during the trip while she was seated in said car and especially at the time of the accident," which instruction omitted the necessary element that the negligence must have been the proximate cause of the accident, and the instruction: "You will further find for her the value of her lost time if you believe she has lost time, not however beyond the period of the filing of this suit, September 20, 1923, and not to exceed the sum of twenty dollars per week," which erroneously limits the value of the lost time of appellant to a period not beyond the date of the filing of the suit, which is not the limit of time imposed by law, but the jury may consider any period of time if it is made to appear to them that the injury will extend beyond the filing of the complaint. Defendant urges that this court cannot review these instructions, inasmuch as the record does not disclose at whose request they were given. But, without passing upon that question, we merely point out the error, so that upon a new trial of this action it may not be repeated.

For the foregoing reasons we are of the opinion that the judgment should be reversed and the cause remanded for a new trial, and it is so ordered.

Finch, P. J., and Plummer, J., concurred.