[Civ. No. 3266. Third Appellate District.—June 27, 1927.]

ALMER BROWN et al., Respondents, v. WILL DAVIS, Appellant.

Ford, Johnson & Bourquin for Appellant.

Edward Bickmore for Respondents.

FINCH, P. J.—This action was brought to recover damages for the death of the wife of plaintiff Brown, caused by the overturning of the defendant's automobile while he was driving it and in which Mrs. Brown was riding as his invited guest. The jury returned a verdict in favor of defendant and the court granted plaintiff's motion for a new trial. This appeal is from the order granting a new trial.

Mrs. Brown and several others were riding in the automobile at the time of the accident, which occurred late at night. None of the occupants of the machine except the defendant were witnesses at the trial. He testified that immediately before the accident "there was a car coming . . . on the other side and what made me pull out of the road, the car was coming on the other side of the road with no lights"; that he thereupon drove off the graveled part of the road and as he attempted to pull back again the right rear wheel collapsed and his automobile overturned. The wheel had broken off at the hub. The defendant testified that before turning off the graveled road he was traveling at the rate of twenty-five to thirty miles an hour and that he continued at that speed until the accident occurred. In confused and uncertain terms he testified that when the machine left the traveled part of the road, the shoulder thereof evidently being sideling, Mrs. Brown threw her

arms around him and thereby caused him to lose control of the automobile. There is neither allegation nor evidence that the defendant was driving at an excessive or dangerous rate of speed. The jurors, of course, were not bound to accept the defendant's explanation of the cause of the accident. The order granting a new trial does not specify whether it was granted upon the ground of insufficiency of the evidence to sustain the verdict and, therefore, it is "presumed that the order was not based upon that ground." (Code Civ. Proc., sec. 657.) Negligence is charged in the complaint in general terms only.

 The court instructed the jury, in effect, that if the defendant was driving at an excessive or dangerous rate of speed and that fact was known to the deceased "or was plainly obvious to a reasonable person in her situation," and that she failed to remonstrate with the defendant, she was guilty of contributory negligence. The instruction is so clearly erroneous that it is deemed sufficient to cite *Dowd* v. *Atlas T. & A. Service,* 187 Cal. 523 [202 Pac. 870], and *Curran* v. *Earle C. Anthony, Inc.,* 77 Cal. App. 462 [247 Pac. 236], wherein the duty of a passenger in case of a driver's negligence is considered.

 The court instructed the jury to the effect that the doctrine of *res ipsa loquitur* is applicable to the facts of the case and also that it is not applicable thereto. The doctrine has often been stated in this and other states in the language of Earle, C. J., in *Scott* v. *London Dock Co.,* 3 Hurl. & C. 596, decided in 1865. The plaintiff in that case, an officer of customs, while in the discharge of his official duties in the defendant's warehouse, was injured by the unexplained fall upon him of six bags of sugar. In the opinion it is said: "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." The question here is whether a presumption of negligence arose from proof merely that the automobile overturned while in the exclusive operation and control of the defendant. The answer must be in the affirmative if

the foregoing doctrine is to be applied literally. The doctrine is applicable in cases of carriers by automobile for hire. (*Scarborough* v. *Urgo*, 191 Cal. 341, 346 [216 Pac. 584]; *Dowd* v. *Atlas T. & A. Service, supra.*) "A carrier of persons for reward must use the utmost care and diligence for their safe carriage." (Civ. Code, sec. 2100.) "A carrier of persons without reward must use ordinary care and diligence for their safe carriage." (Civ. Code, sec. 2096; *Nichols* v. *Pacific Electric Ry. Co.*, 178 Cal. 630; *Sheean* v. *Foster*, 80 Cal. App. 56 [251 Pac. 235]; *Curran* v. *Earle C. Anthony, Inc., supra; Spring* v. *McCabe*, 53 Cal. App. 330 [200 Pac. 41].) Does this difference in the degree of care required of the two classes of carriers justify a distinction in the application of the doctrine of *res ipsa loquitur?* In holding the doctrine applicable to an explosion of nitro-glycerine in process of manufacture into dynamite, it is said: "As was well said by the court in *Rose* v. *Stephens etc. Co.*, 11 Fed. Rep. 438: 'Undoubtedly the presumption has been more frequently applied in cases against carriers of passengers than in any other class, but there is no foundation in authority or reason for any such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relations between the parties.' The carrier's contract with his passenger is simply to exercise a certain degree of care in his transportation. It is a duty which the law enjoins upon him, but the law also enjoins the duty upon this appellant and all others, in the conduct of their business, to exercise a certain degree of care toward this respondent and all mankind. The duty which the law enjoins in the two cases only differs in the degree of care to be exercised. The principle of law involved is wholly the same; and, as has been said, the reason of the rule is not found in the relations existing between the party injuring and the party injured. The presumption arises from the inherent nature and character of the act causing the injury. Presumptions arise from the doctrine of probabilities. The future is measured and weighed by the past, and presumptions are created from the experience of the past. What has happened in the past, under the same conditions, will probably happen in the future, and ordinary and probable results will be presumed to take place until the con-

trary is shown." (*Judson* v. *Giant Powder Co.,* 107 Cal. 549, 555 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020].) It is not perceived that the probability of injury being the result of negligence is any less in case of a carriage without reward than one for reward. The doctrine has been held applicable in cases in which the injuring party was bound to the exercise of ordinary care only. (*Harlow* v. *Standard Improvement Co.,* 145 Cal. 477, 480 [78 Pac. 1045]; *Bauhofer* v. *Crawford,* 16 Cal. App. 676, 678 [117 Pac. 931]; *Onell* v. *Chappell,* 38 Cal. App. 375, 376 [176 Pac. 370]; *John* v. *Northern Pac. Ry. Co.,* 42 Mont. 18 [32 L. R. A. (N. S.) 85, 111 Pac. 632]; *Brown* v. *Des Moines Steam Bottling Works,* 174 Iowa, 715 [1 A. L. R. 835, 156 N. W. 829]; *Whitwell* v. *Wolf,* 127 Minn. 529 [149 N. W. 299]; Berry on Automobiles, 5th ed., sec. 512; Huddy on Automobiles, 8th ed., sec. 345.) The doctrine has been applied in cases of injury to invited guests, caused by the operation of automobiles. (Berry on Automobiles, 5th ed., sec. 648; *Masten* v. *Cousins,* 216 Ill. App. 268; *MacKenzie* v. *Oakley,* 94 N. J. L. 66 [108 Atl. 771].) There are cases holding to the contrary in states in which an invited guest riding in an automobile is deemed a mere licensee. Such cases, of course, are not in harmony with the decisions in this state and need not be considered. In *Ferrell* v. *Solski,* 278 Pa. 565 [123 Atl. 493], cited by appellant, it is said: "From the mere happening of the accident, no presumption of negligence arises." The court there, however, appears to have been considering the effect of the whole evidence, rather than mere proof of the happening of the accident, for it is further said: "The evidence justifies the statement that the driver was advancing with reasonable care on an open country highway without other vehicles in sight. There was nothing shown in this case which can fairly be said to have put Solski on his guard as to impending danger, and, though inferences as to proper handling, to be drawn from the circumstances, are ordinarily for a jury, . . . yet, if the undisputed facts show the injury to be accidental, and without negligence, liability should not be imposed merely because loss has been sustained." The same is true of *Simpson* v. *Jones,* 284 Pa. 596 [131 Atl. 541]. Appellant relies particularly on *Klein* v. *Beeten,* 169 Wis. 385 [5 A. L. R. 1237, 172 N. W. 736].

In that case a guest who was riding in a Ford automobile driven by one of the defendants at fifteen miles an hour was killed by the overturning of the automobile. The driver "was unable to give any explanation of the cause of the accident, other than that the automobile suddenly sheered to the left and went into the gutter. He could assign no reason for its so doing. . . . The left-hand front tire was deflated." The court said: "It is not at all beyond the realm of possibility that the accident might have happened by reason of this blow-out. . . . It is familiar knowledge that the blow-out of the front tire of an automobile is a dangerous occurrence, the degree of danger, of course, depending upon the rate of speed, and, we apprehend, somewhat upon the character of the car. . . . Granting that the accident might have been the result of negligent operation of the car, the evidence certainly discloses a possibility that the accident might have been the result of the blow-out. . . . The jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car or of the blow-out. Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the doctrine of *res ipsa loquitur* constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies." It is to be inferred from the last sentence quoted that from mere proof of the overturning of the automobile while it was being operated by one of the defendants a presumption of negligence arose, but that this presumption was overcome by proof of the blow-out. In this state it has been held that "such a presumption is evidence in the case, but it has no greater or different effect than the testimony of witnesses. . . . When all the evidence is in the question for the jury is whether the preponderance is with the plaintiff." (*Scarborough* v. *Urgo, supra,* p. 346.) "The presumption of defendant's negligence arises regardless of the fact that the injury may have been caused by some other agency." (*Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280, 283 [92 Am. St. Rep. 171, 70 Pac. 169]; *Housel* v. *Pacific Electric Ry. Co.,* 167 Cal. 245, 248 [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73]; *Willard* v. *Valley Gas etc. Co.,* 180 Cal. 561, 564 [182 Pac. 32].)

Whether the presumption of negligence in such a case has been offset by the facts and circumstances attending the accident is ordinarily a question of fact for the jury.

The order granting a new trial is affirmed.

Thompson, J., *pro tem.*, and Plummer, J., concurred.