PECK v CLEVELAND TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9639. · Decided June 17, 1929

Messrs. Wilkin & Wilkin, Cleveland, for Peck.

Messrs. Luther Day and R. E. Williams, Cleveland, for Trust Co.

LEVINE, J.

It will be seen that in order to have returned a verdict in favor of Edwin O. Peck and John Taylor Peck, infant, that the jury must have found that the decedent was guilty of actionable negligence

in the driving and operation of his car and with that finding on the part of the jury it would necessarily follow that John A. Peck was likewise entitled to recover unless it was found by the jury that he was guilty of contributory negligence. The court submitted to the jury the question of contributory negligence on the part of John A. Peck in the instructions given to the jury before argument and also in the general charge. To justify the action of the court we must look to the record and from that determine whether there was any evidence whatsoever upon which the claim of contributory negligence on the part of plaintiff in error could be predicated.

It is well settled that there is no "imputed negligence" known to the law of Ohio. A passenger who has no interest in the operation of an automobile and no control over the driver is answerable only for his own acts or omissions. The jury apparently found that John A. Peck was guilty of contributory negligence in that he failed to remonstrate with the driver of the car. As we understand the law, the fact that a passenger or guest in on automobile must exercise ordinary care to discover danger or avoid danger, does not compel him to become virtually a driver or to assist in driving when a person properly in charge of the car assumes control of its operation. A passenger may safely assume that the driver knows how to handle his car and that he is driving it in a proper manner and is able to take care of it. He is not called upon to constantly remonstrate with or talk to the driver. It is not his duty to interfere with the driver in the way of making suggestions or otherwise unless something occurs which would make it his duty to do so. **Logan County vs Bicher, Admr. 98, OS. 432.**

It is very often the case that interference upon the part of a guest in an automobile will create and excite danger rather than prevent it. If a danger appears to the eyes of the guest then the circumstances may call for the guest and passenger to warn the driver. An examination of the record as disclosed by the testimony of John A. Peck indicates that decedent was going along satisfactorily until he attempted to pass the car ahead of him. At that very moment, Edwin O. Peck called attention of the driver. All would have turned out satisfactorily except that decedent lost control of his car. Were John A. Peck to have remonstrated or warned the driver as he was actually passing the car ahead it would have accomplished nothing. The remonstrance of Edwin O. Peck did not avail him. It all happened quickly and in our opinion under the circumstances any additional warning or remonstrance on the part of John A. Peck would not have availed any.

There is ample law covering the duty of a guest. The case of **Cleveland Railway Co. vs Heller, 15 App. 346** is very explicit.

See also Schlosstein vs. Bernstein, (Cal) 142 Pac. 324.

Gordon v. Opalecky (Md) 137 A. 299.
Brown v. Davis (Cal) 257 Pac. 877.
Leclare v. Doudreau, (Vt) 143 A. 401.

In view of the settled law on the subject we hold that there is no evidence presented in this case which justifies the action of the trial court in submitting to the jury the question of contributory neglignece on the part of John A. Peck. We further hold that the finding of the jury in holding that John A. Peck was guilty of contributory negligence and thus preventing a recovery on his part is manifestly against the weight of the evidence.

Holding as we do the judgment of the common pleas court is reversed and the case remanded for further proceedings according to law.

Vickery, PJ, and Sullivan, J, concur.