GEORGIA ADAMS *vs.* NORRIS RICHARDSON.

Somerset.    Opinion, December 23, 1935.

*Gower & Eames*, for plaintiff.
*Merrill & Merrill*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J., STURGIS, J., dissenting.

THAXTER, J.  This was an action based on negligence by reason of which it is alleged the plaintiff's horse was killed. The horse was lent by its owner to one Randall who left it at night in a pasture beside the highway which leads from Waterville to Skowhegan. The horse escaped from the pasture, and, while in the highway on a dark and foggy night, was struck and killed by the defendant's motor truck, which was proceeding northerly along the road toward Skowhegan. At the close of the plaintiff's evidence the defendant moved for a nonsuit which was granted. An exception taken to this ruling is now before us.

There was no eye-witness of the accident except the driver of the truck who was not called to testify. The negligence of the defendant must, therefore, be deduced from circumstances. These, according to the plaintiff's contention, are that the truck was travelling northerly on the right side of the road, that the left side of it hit the horse which weighed thirteen hundred pounds, that the headlight of the truck was bent, also the left mudguard and the axle, that there was a hole broken in the body of the truck, and that the horse was found dead in the ditch on the east side of the road seventy-five feet from the point where it was struck. The plaintiff apparently claims that these results of the impact indicate that the driver of the truck was proceeding at too high a rate of speed considering the darkness and the state of the weather.

Such facts do not in our opinion raise a presumption of negligence. They are perfectly consistent with the driver's freedom from blame. Whether the horse may have suddenly jumped in front of the truck from the left side of the road, or the driver was inattentive, we have no means of knowing. It is impossible to conclude from the physical facts that the truck was going at an unreasonable speed. The horse was found dead in the ditch at a point seventy-five feet from where glass and hair were found in the road, but there is nothing even to indicate that it was dragged that far by the truck. In fact, the evidence shows that the truck came to a stop at a point about halfway between the place of the impact and where the horse was found. There is proved merely a collision in the highway between a truck and a horse, of sufficient force to kill the horse and do considerable damage to the truck. There is nothing more.

Judge Holmes in his book on the "Common Law" says: "The general principle of our law is that the loss from accident must lie where it falls." This is but expressing the fundamental doctrine that the burden rests on the plaintiff to fasten liability on the defendant, or, as this Court has many times said, that, in the ordinary case, no presumption of negligence arises from the mere happening of an accident. *Leach* v. *French*, 69 Me., 389; *Pellerin* v. *International Paper Co.*, 96 Me., 388, 52 A., 842.

Injuries to animals while lawfully on the highway are governed by the same rule. As is said in *Radski* v. *The Androscoggin & Kennebec Railway Company*, 122 Me., 480, 120 A., 542, common law principles of negligence control. Conceding that the horse was not a trespasser and that the question of the plaintiff's contributory negligence may have been for the jury, yet the plaintiff here has not made out a prima facie case of negligence on the part of the defendant. The doctrine of *res ipsa loquitur* does not apply; the burden was on the plaintiff to show that some negligence of the defendant contributed to the accident; and in the absence of such proof there was no obligation on the part of the defendant to explain how the accident happened. 1 R. C. L., 1178-1179; Huddy: *Cyclopedia of Automobile Law*, 9 ed., 359; *Savannah, Florida and Western Railway Company* v. *Geiger*, 21 Fla., 668, 58 Am. Rep., 697.

We have here no evidence to show that the truck was going at an excessive rate of speed as in *Texeira* v. *Sundquist* (Mass. 1934), 192 N. E., 611, nor anything to indicate that the driver saw or should have seen the horse in time to have stopped as in *Radski* v. *The Androscoggin & Kennebec Railway Company*, supra. It may well be a question for a jury to determine whether the driver of a vehicle should see in time to avoid a collision a stationary object in the highway such as a parked automobile, or even a horse tethered to a post as in *Whitwell* v. *Wolf*, 127 Minn., 529, 149 N. W., 299. But the situation is quite different in the case of an animal roaming at large, which from an unknown position may come out of the darkness within the line of vision of an approaching automobile.

We could conjecture that the driver of the truck was negligent, but conjecture is not proof. *McTaggart* v. *Maine Central Railroad*

*Co.,* 100 Me., 223, 60 A., 1027. The nonsuit was properly ordered.

*Exception overruled.*

DUNN, C. J.   I dissent. There was, in my opinion, on the proposition of the negligence of the defendant, evidence sufficient to carry the case to the jury.

STURGIS, J.   I concur in this dissenting opinion.