Filed 3/16/21  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C092004 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F11) |
| v. | |
| ARMANDO JOSEPH GARCIA, | |
| Defendant and Appellant. | |

Defendant Armando Joseph Garcia appeals from the trial court's denial of his second Proposition 47 petition (Pen. Code,[1] § 1170.18) for resentencing on his conviction for receiving stolen property, after we reversed an earlier denial of the second petition, and remanded for additional proceedings, because defendant had set forth a prima facie case for relief.  (*People v. Garcia* (Apr. 16, 2019, C087807) [nonpub. opn.] (*Garcia III*).)

---

[1]  Further undesignated statutory references are to the Penal Code.

1

Defendant contends the trial court erred in ruling he did not meet his burden of establishing the stolen items he received had a value that did not exceed $950. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of defendant's crime and the relevant proceedings of his conviction from our three prior opinions in this case. (See *People v. Woodell* (1998) 17 Cal.4th 448, 451 [the record of conviction includes an appellate opinion disposing of the appeal in the case].)

" 'Acting as a lookout in a residential burglary, defendant received a camera, cell phone, rifle, television, and jewelry taken during the burglary.' " (*Garcia III*, *supra*, C087807 at p. 2.) A February 2008 information alleged defendant received stolen property "[o]n or about" December 30, 2007. Defendant "pled guilty to receiving stolen property and admitted prior strikes with a stipulated sentence of 25 years to life." (*Garcia III*, at p. 2.)

Defendant filed a petition for resentencing pursuant to the resentencing provision of Proposition 47, section 1170.18. (*Garcia III*, *supra*, C087807 at p. 3.)

In defendant's appeal from the denial of his first Proposition 47 petition, we ruled "the trial court erred in holding defendant was limited to the record of conviction to prove his eligibility for relief," and " 'affirmed without prejudice to defendant filing a successive petition that supplies evidence of his eligibility for resentencing.' " (*Garcia III*, *supra*, C087807 at p. 4.)

Defendant filed a successive petition, attaching to it "a declaration . . . in which he stated, with reasons for each, that the value of the television was $100 to $125, the camera was $60 to $70, the jewelry consisted of $16 in necklaces, $9 in bracelets, $12 in snap-on earrings, $30 in silver earrings, $150 for a diamond wedding band, the rifle at $150, and the cell phone was worth no more than $100, for a total of $662." (*Garcia III*, *supra*, C087807 at p. 5.) The prosecution filed a response, "asserting the actual value of

2

the property was $2,465," and attached to the response "supporting reports from the investigation of the case by the Shasta County Sheriff's Department, which included an estimation of the property's value at $2,530." (*Garcia III*, at p. 5.)

The trial court denied the petition without holding a hearing, finding the property was valued at $2,530. (*Garcia III*, *supra*, C087807 at p. 5.)

In the appeal from the denial of defendant's second Proposition 47 petition, we ruled defendant was "entitled to a hearing on his petition," having established a prima facie case for relief with his declaration that specified values for each of the stolen items he received. (*Garcia III*, *supra*, C087807 at p. 6.) We emphasized throughout *Garcia III* that defendant bore the burden of proving the stolen items he received had a value that did not exceed $950. (*Id*. at pp. 2, 6, 8.) We reversed and remanded for additional proceedings. (*Id.* at p. 8.)

In a February 2020 hearing on remand, defendant testified that his history of stealing televisions gave him experience determining the value of televisions. The trial court overruled the prosecutor's objection to the testimony.

While questioning defendant, defense counsel asked the trial court for a continuance, because he "need[ed] to spend more time with [defendant] to establish" his knowledge about the value of the stolen items he received. The trial court granted the motion.

When defendant resumed testifying a few months later, he explained that he pled guilty to receiving stolen property after his arrest on December 30, 2007, and that statements in his declaration regarding the values of the items were based on: (a) his memory of the items from December 2007 and (b) his 2018 Google searches of the items.

When defense counsel sought to elicit testimony regarding defendant's "experience or training that [he] received to evaluate" the stolen items, defendant explained that he "went to [the] internet" in 2018 in order to determine the value of the camera. The trial court struck that testimony upon the prosecutor's motion.

3

Later, defendant admitted that he had no experience in evaluating cameras, phones, or jewelry. But defendant maintained that he *did* have some training and experience in determining the value of televisions: he "worked in a flea market . . . dealing with fair market value," "buying and selling" used televisions.

The trial court sustained the prosecutor's "foundational" objections to defense counsel's queries regarding defendant's beliefs as to the values of the rifle, the jewelry, the camera, the cellphone, and the television.

At the end of the hearing, the prosecutor argued the "[d]eclaration submitted [wa]s not evidence. And we vetted that out. [Defendant] couldn't give the evaluation because he . . . doesn't have actual evidence . . . ."

The prosecutor then referred to the "factual basis that was taken" as "part of the plea" in defendant's case, "which show[ed], the value [was] $2,465." Defense counsel made a "hearsay" objection, arguing "that information was provided after taking of the plea after sentencing."

The trial court responded: "No. . . . The felony plea was accepted based on a police report. The police report had information contained in it." And "the amount that had been submitted as a factual basis" was greater than $950.

The trial court ruled: Defendant "has not met his burden of establishing . . . that the property is less than $950. And so his petition is denied."

Defendant timely appealed the trial court's April 2020 ruling.

DISCUSSION

On appeal, defendant argues the trial court abused its discretion by sustaining the prosecution's objections to his opinion testimony on the value of the stolen items. He contends he "likely qualified as an expert on the valuation of used televisions," and his "opinion on the valuation of the other items was an admissible lay opinion."

4

The People argue we should affirm the trial court's ruling, because even if defendant should have been allowed to testify as to the value of the stolen television, the trial court properly excluded testimony on the value of the other items.  And since the television "was one item amongst many," defendant could not have sustained his burden of proof that the value of all the items amounted to less than $950.

We agree with the People.[2]

"Courts . . . have acknowledged the fundamental difficulty a defendant faces when eligibility for Proposition 47 relief depends on establishing the value of property stolen decades ago." (*People v. Zorich* (2020) 55 Cal.App.5th 881, 887.)  Whatever available evidence exists, "even outside the court record, may be limited." (*Ibid.*)  "[E]vidence a defendant must present to meet the preponderance of the evidence standard may be cobbled together from whatever is available, based on the facts of the underlying case." (*Ibid.*)

But not "*anything* will do as evidence of value.  The trial court must have some relevant, admissible, probative evidence.  (Evid. Code, §§ 210, 350, 351.)  [And] as both a practical matter and a policy one, when it comes to determining the value of long ago stolen property under Proposition 47, we cannot allow the perfect to be the enemy of the good." (*People v. Zorich*, *supra*, 55 Cal.App.5th at p. 889, italics added.)

"Where it appears . . . that [a] witness' testimony as to market value is based upon improper considerations, it may be stricken from the record." (*People ex rel. Department of Public Works v. Dunn* (1956) 46 Cal.2d 639, 641; see *ibid.* [explaining that if evidence is "too speculative, uncertain and remote to be considered as a basis for ascertaining

---

[2]     We agree with the People's suggestion that resolution of this issue against defendant makes it unnecessary to decide defendant's second claim on appeal -- that the "police property report" the trial court referenced immediately before denying the petition was inadmissible hearsay because it was not part of the record of conviction.

market value," it should not be considered]; *Sacramento & San Joaquin Drainage Dist. v. Goehring* (1970) 13 Cal.App.3d 58, 65 ["We think the court erred in allowing this opinion evidence to come in when it was based on improper matter. (Evid. Code, § 803; *People v. Dunn*[, *supra*,] 46 Cal.2d [at p.] 641)"].)

"We apply 'the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence.' " (*People v. Bocklett* (2018) 22 Cal.App.5th 879, 890.) "An error regarding the admission of evidence requires reversal if 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' " (*Ibid.*)

Here, at a 2020 hearing, defense counsel sought to elicit defendant's testimony on the value of the stolen items he received in 2007. But defendant's testimony would have been based on his brief interaction with the items in the aftermath of a 2007 burglary and a 2018 Internet search concerning those items (as defendant remembered them). That is too speculative, uncertain, and remote to be considered as a basis for defendant's opinion on the value of the items.

Defendant's invocation of *Zorich*'s recognition of the difficulty he faces in trying to establish the value of stolen property is unavailing, because the opinion *also* recognized that not "*anything* will do as evidence of value. The trial court must have some relevant, admissible, probative evidence." (*People v. Zorich*, *supra*, 55 Cal.App.5th at p. 889, italics added.)

In *Zorich*, the appellate court reversed the trial court's denial of a Proposition 47 petition, because substantial evidence did *not* support a ruling that a vehicle defendant stole was worth more than $1,000, as the petition "offered two relevant, probative pieces of evidence": (1) the "Kelley Blue Book excerpts" of the value of a 1979 vehicle when defendant stole it in 1997; and (2) police reports -- that the prosecution did *not* question the authenticity of -- which "provided evidence of both the condition of the vehicle at the

6

time of its recovery and an odometer reading." (*People v. Zorich*, *supra*, 55 Cal.App.5th at pp. 884, 887-888, 890.)

Thus, the trial court in *Zorich* had before it relevant, admissible, probative evidence. Here, by contrast, the trial court ruled defendant's testimonial evidence was *not admissible* because it lacked foundation. And given defendant's admissions that he had no experience in evaluating cameras, phones, or jewelry, and given that defendant was arrested on or about the same day that he received the stolen property, the trial court's evidentiary ruling certainly was not an abuse of discretion as to those items. (Cf. *Willard v. Valley Gas & Fuel Co.* (1919) 180 Cal. 561, 565-566 [setting "[a]side . . . all question[s] of ownership," objection as to the admissibility of a witness's testimony regarding the value of personal property "was correctly overruled," because "there [wa]s sufficient evidence in the . . . testimony of [the witness], adduced by preliminary questions, to show . . . that he had an *intimate* and adequate knowledge of the character" of the personal property, "a knowledge *gained by association with* and observation of the various articles of personal property"], italics added.)

Even if defendant arguably laid a sufficient foundation to provide opinion testimony regarding the value of the stolen television, any error by the trial court in excluding that testimony was harmless, given that defendant bore the burden of proving the *total* value of the stolen items he received did not exceed $950. Even assuming the value of the television was $100 to $125 (as defendant stated in his declaration), given defendant's lack of intimate knowledge of the other items, the trial court would have had no sound basis to determine that the combined value of the camera, jewelry, cell phone, and rifle did not exceed $825 to $850. (Cf. *Sargent Fletcher, Inc. v. Able Corp.* (2003) 110 Cal.App.4th 1658, 1667 ["To prevail, the party bearing the burden of proof on the issue must present *evidence sufficient to establish* in the mind of the trier of fact or the court *a requisite degree of belief*"], italics added.)

7

## DISPOSITION

The judgment (order) is affirmed.

/s/ _____
Robie, J.

We concur:


/s/ _____
Blease, Acting P. J.


/s/ _____
Krause, J.