[Civ. No. 4826. First Appellate District, Division Two.—August 30, 1924.]

## EDWARD LEITERT, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[1] NEGLIGENCE—INJURY TO STAGE PASSENGER—RES IPSA LOQUITUR—EVIDENCE—VERDICT.—In this action for damages for personal injuries suffered by plaintiff while a passenger upon an automobile stage operated by defendant, the physical facts surrounding the accident, as shown by the stipulations of counsel and the evidence introduced by plaintiff, having presented a situation demanding the application of the doctrine of *res ipsa loquitur*, and defendant having introduced no evidence to contradict the inference of negligence which the jury had the right to draw from the happening of an accident of the nature in question, the verdict in favor of plaintiff was amply sustained by the evidence.

[2] ID.—PROXIMATE CAUSE OF INJURY—EVIDENCE.—In such action, plaintiff having stated that he was injured while he was on the stage-coach of defendant, by the coach and by its descent into the gulch after it left the road, and that he was struck by one of the seats of the stage, this evidence was sufficiently clear and definite to admit of no doubt that plaintiff was injured, proximately and directly, by the stage leaving the highway and descending into the gulch.

---

(1) 10 C. J., p. 1058, sec. 1451.   (2) 10 C. J., p. 1059, sec. 1451, p. 1062, sec. 1452 (Anno.).

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore Hale, Barry J. Colding, A. E. Warth and B. P. Gibbs, for Appellant.

Reisner & Honey for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment in favor of plaintiff for fifteen hundred

---

1. Application of doctrine of *res ipsa loquitur* to automobile accidents, notes, 5 A. L. R. 1240; 12 A. L. R. 668 See, also, 3 Cal. Jur. 955, 964; 20 R. C. L. 184.

dollars for personal injuries alleged to have been sustained by him as a result of the alleged negligence of defendant in operating one of its busses upon which plaintiff was a passenger.

The complaint alleged that at all times mentioned therein, the defendant Pickwick Stages, Northern Division, Inc., was the owner and operator of certain bus lines in the state of California for the transportation of passengers upon the public highways between the cities of San Francisco and Los Angeles; that on July 20, 1922, the plaintiff was a passenger upon one of said busses, so operated by said defendant; that on said date, while plaintiff was a passenger, as aforesaid, ''the defendants while said bus was proceeding in a northerly direction on said highway and at or about eight miles south of the town of San Ardo, in the county of Monterey, state of California, so carelessly and negligently operated said bus, thereby causing said bus to leave the highway and run into a ditch with great force and violence, then and there inflicting upon plaintiff very severe ·and serious personal injuries'' enumerated in the complaint.

Appellant contends that the complaint fails to state a cause of action because the foregoing allegations do not sufficiently allege negligence of the defendants, and that the demurrer should have been sustained. It is urged that the allegation that the bus was negligently operated upon the highway and thereby was caused to leave the highway and run into a ditch with great force and violence raises no inference that the act of running into the ditch in and of itself was negligent. A pleading in almost the identical language as the complaint in this case was considered by us in the companion case growing out of the same accident (*Lawrence* v. *Pickwick Stages etc., ante,* p. 494 [229 Pac. 885]). What was said in the opinion filed in that case with reference to this objection is applicable here and the objection is without merit.

[1] It is maintained by appellant that the record discloses no negligence upon the part of the defendant and that the verdict is, therefore, contrary to the evidence. It was admitted that the bus upon which plaintiff was riding at the time of the accident was being operated by the agent and servant of the defendant Pickwick Stages, who

was acting within the scope of his employment at the time; that the plaintiff boarded said stage at Los Angeles, buying a ticket entitling him to be transported to San Francisco; that he remained upon the stage until he left it when it was in a gulch about six miles south of San Ardo, after the accident; that when he boarded the stage he was in perfect health; that when he left the stage near San Ardo he was injured in various ways. He testified as follows:. "Q. Where were these injuries received and when? A. They were received right after the accident. Q. What I want to know is where you were injured while on the stage-coach or off? A. I was injured while I was on the stage-coach injured by the coach. Q. By the stage going into the gulch? A. Yes. . . . Q. Do you know what part of the stage it was or automobile that struck you to inflict these injuries? A. One of the seats of the stage. Q. What part of the seat? A. The whole seat, one of those middle seats which can be taken out."

It was stipulated that the stage was traveling along the highway near the place of the accident and went off the highway and came to a stop in a gulch about two hundred feet from the point where it left the highway. The other facts relative to the position of the stage after the accident and the course it pursued in its plunge from the highway to the bottom of the gulch are not entirely intelligible to this court, due to the fact that the diagram referred to in the stipulation as to facts is not made a part of the record upon appeal. We must assume, therefore, that this diagram would support the respondent's position that the physical facts surrounding the accident demand the application of the doctrine of *res ipsa liquitur*. That being true, the facts above recited sustain the verdict because no evidence was offered by the defendant to contradict the inference of negligence which the jury had a right to draw from the happening of an accident of this nature. An automobile in perfect mechanical condition, which the driver is having no difficulty in operating, running upon a paved highway with ample room, does not suddenly leave the highway and run two hundred feet into the bottom of a gulch if it is being operated with due and proper care.

[2] Appellant claims that the proof does not show that the injury to plaintiff was caused by the movement of the stage as it descended into the ditch, and that this factor is a necessary one to entitle plaintiff to a verdict. It is true that the testimony does not meet the contention of appellant, in so many words; but the plaintiff stated that he was injured while he was on the stage-coach, by the coach and by its descent into the gulch; that he was struck by one of the seats of the stage. We think this is sufficiently clear and definite to admit of no doubt that the plaintiff was injured, proximately and directly by the stage leaving the highway and descending into the gulch.

The last point presented by the appellant is that error was committed in giving the instruction asked by plaintiff upon the doctrine of *res ipsa loquitur*. The objection made to the instruction is that it states that upon proof of certain facts, a presumption of negligence arises, whereas it is contended that the jury should have been instructed that upon proof of such facts, an inference of negligence might be drawn by them. The same instruction was given in the case of *Lawrence* v. *Pickwick Stages, supra,* and the language of the opinion in that case with reference to this matter is applicable here.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.