[Civ. No. 5513. First Appellate District, Division One.—July 27, 1927.]

IDA B. MORRIS, Appellant, v. HATTIE M. MORRIS et al., Respondents.

R. C. Gortner for Appellant.

David R. Faries and John R. Berryman, Jr., for Respondents.

CASHIN, J.—The plaintiff was injured while riding in an automobile operated by defendant Hattie M. Morris, and Robinson A. Morris, who was the husband of the latter, was joined as a defendant in the action.

The complaint contained general allegations of negligence in the operation of the automobile with averments as to the character of the injuries suffered and the damage sustained, these allegations, with the exception of the fact that plaintiff was injured, being denied by the answer.

The action was tried by a jury, which returned a verdict for defendants, and from the judgment entered therein the plaintiff appealed. It is urged as grounds for reversal that certain of the instructions to the jury were prejudicially erroneous.

The plaintiff and Hattie M. Morris, who will hereinafter be referred to as the defendant, were, so far as appears, the only persons who witnessed the accident. The plaintiff was riding in the rear seat of the automobile, which was being driven in a westerly direction on San Marino Street in the city of Los Angeles. It was the intention of the parties

to turn at the intersection of San Marino Street with Western Avenue and proceed south along the avenue. The plaintiff, who was unable to explain the cause of the accident, testified that when the automobile entered the intersection its course was directly toward an electric light pole which was situated between the curb and the sidewalk at the southwest corner of the intersection; that when the driver attempted to turn to the south the speed of the car suddenly increased and a collision with the pole occurred, causing the damage alleged. She further testified that as the automobile approached the intersection she looked to the south along the avenue and saw no automobiles approaching from that direction.

It was testified by the defendant that the automobile entered the intersection at a speed of approximately ten miles per hour; that three other automobiles were then approaching from the south, the nearest being distant about sixty-five feet; that, fearing a collision with the latter, she became excited, pressed her foot upon the accelerator, and that as the result of the increase in speed she was unable after passing the center of the intersection to turn the automobile sufficiently to the left to avoid striking the pole mentioned.

Contributory negligence on the part of the plaintiff was not pleaded by the defendants, and it was stipulated as to the extent of plaintiff's injuries, and also that the width of Western Avenue between the curbs was fifty-six feet and of San Marino Street forty feet.

The first instruction of which appellant complains was as follows: "If you find that the accident in this case is as consistent with the neglect of the duty on the part of the plaintiff, Ida B. Morris, as it is with the neglect of the duty on the part of the defendant, then the plaintiff cannot recover in this action in damages, and your verdict must be for the defendant."

It was incumbent upon the plaintiff to show by a preponderance of evidence that the damage alleged was caused by the neglect of the defendant, and as held in the following cases the instruction was properly given. (*Sheldon* v. *James,* 175 Cal. 474–480 [2 A. L. R. 1493, 166 Pac. 8]; *Straten* v. *Spencer,* 52 Cal. App. 98–110 [197 Pac. 540].)

The jury was further instructed as follows: "Any presumption which the law may raise or permit you to draw

from the grave character of the accident as indicating that the same was caused by negligence or not caused by negligence of the operator of the automobile, is overcome by direct and competent evidence as to how or why the accident actually did happen, if such evidence is or stands uncontradicted. In other words, in the absence of any explanation as to how the accident happened, the law permits you to draw reasonable but not imaginary inferences in respect to the happening of such accident and the probable cause thereof; but when competent witnesses have testified to the manner of the happening of the accident and to the cause thereof, then if such testimony be reasonable and not in any manner contradicted or impeached, you are not entitled to draw any inferences or to assume any such facts respecting said accident or causes of the happening thereof, inconsistent with or contradictory to such testimony. In other words, you must accept as true the testimony of any witness who is competent to testify, provided such testimony is reasonable and not contradicted or impeached by any other evidence, and even though, in your own minds, you cannot believe such testimony to be true.''

The circumstances of the injury were such as to justify the application of the *res ipsa loquitur* doctrine (*Bauhofer* v. *Crawford,* 16 Cal. App. 676 [117 Pac. 931]; *Mansfield* v. *Pickwick Stages,* 68 Cal. App. 507 [229 Pac. 890]; *Leitert* v. *Pickwick Stages,* 68 Cal. App. 504 [229 Pac. 889]); and it is apparent from the complaint and the testimony of the plaintiff that she relied thereon.

While negligence on the part of a defendant is not to be presumed from the mere happening of an accident, and the inference of negligence arising from the circumstances which bring the case within the doctrine does not change the burden of proof which remains upon the plaintiff (*O'Connor* v. *Mennie,* 169 Cal. 217 [146 Pac. 674]), this inference in the absence of evidence sufficient to meet the *prima facie* case thus made could not be disregarded by the jury. (*Bush* v. *Barnett,* 96 Cal. 202 [31 Pac. 2]; *Housel* v. *Pacific Electric Ry. Co.,* 167 Cal. 245 [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73].)

In the present case the defendant testified as to the cause of the accident, and although her testimony, with the

exception of the statement that other cars were approaching close to the intersection was uncontradicted, it was for the jury to determine the weight and value of her testimony (Code Civ. Proc., sec. 2061), and whether the evidence as a whole was sufficient to establish the case for the plaintiff. ■ By the latter instruction the jury was told in effect that they were not at liberty to draw from the circumstances shown by the evidence as a whole any inference as to the cause of the accident inconsistent with or contrary to the explanation offered by the defendant, provided her testimony was reasonable and not impeached or contradicated, and, further, that they were bound to accept such testimony whether they believed it or not.

■ Although a witness is presumed to speak the truth (Code Civ. Proc., sec. 1847), and it is the general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, nevertheless the jury is not bound to decide in conformity with the declaration of any number of witnesses which do not produce conviction in their minds against a less number or against a presumption or other evidence satisfying their minds (Code Civ. Proc., sec. 2061). ■ Moreover, as held in *Lauder* v. *Currier*, 3 Cal. App. 28 [84 Pac. 217], the question whether the uncontradicted testimony of a witness was sufficient to overcome the inference of negligence arising from the nature of the accident was one for their determination.

That the explanation given by the defendant might appear to the jury to be reasonable would not justify an instruction which precluded them from considering whether an inference of negligence drawn from all the circumstances shown by the evidence would not be equally or more reasonable and of so finding if such was their conclusion.

Notwithstanding her explanation, the circumstances tended to show that the driver was inattentive in the operation of the car and to the conditions at the intersection, and the inference that she was negligent in this respect and that the injury was proximately caused thereby would have been fairly supported.

We find no instruction in the record which can reasonably be said to have removed the misleading effect of the instruc-

tion in question, and after an examination of the entire record including the evidence we are of the opinion that this instruction was prejudicially erroneous and that as a reasonable probability the result was a miscarriage of justice.

The judgment is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 22, 1927.