[Civ. No. 466. Fourth Appellate District.—September 10, 1931.]

HELEN COOKSON et al., Respondents, v. DAVID FITCH, Appellant.

Stearns, Luce & Forward and Fred Kunzel for Appellant.

Chester Allan Smith for Respondents.

MARKS, J.—This action grew out of an automobile accident which occurred on E Street in the city of Coronado,

California, on the ninth day of July, 1929. David Fitch was the owner and operator of an automobile in which Peter Cookson was riding as his guest at the time of the accident. The engine and chassis were those of a 1924 model T Ford. The remaining portions of the car had been obtained by Fitch from various sources and were all from old used automobiles and had been assembled by him into his automobile. At the time of the accident, Fitch, Cookson and two others were returning from the Coronado city dump, where they had gone to inspect a Ford body. They returned to the place of the accident on E Street with Fitch driving at a speed estimated at about twenty-five miles per hour. The car suddenly swerved to its right and rolled over, injuring Cookson. E Street was a smooth, improved road with no obstructions in it.

The case was tried before a jury which returned a verdict against the respondents and in favor of appellant. The trial court granted respondents' motion for a new trial upon the ground that the evidence was insufficient to justify the verdict of the jury and appellant appealed therefrom.

Peter Cookson was, at the time of the accident, a minor of about the age of sixteen years, and Helen Cookson, his mother, was appointed his guardian *ad litem.*

The complaint contains seven causes of action. The first is for actual damages sustained by the mother on account of the injuries to her son. In it the negligence of appellant is alleged in general terms. The other six causes of action are for damages resulting from injuries to the minor. In the second cause of action it is alleged that the appellant built and constructed the automobile which he was driving at the time of the accident "from certain old or used parts from various second-hand cars; that he, the defendant,. so negligently and carelessly constructed said motor vehicle that the same was not in a fit and proper condition to drive upon the public highways of the State of California; that the plaintiff, Peter Cookson, did not know of this condition when he accepted a ride in said motor vehicle with defendant". The other five causes of action allege specific acts of negligence on the part of appellant.

It has been repeatedly held in California that the doctrine of *res ipsa loquitur* applies to a guest in an automobile who is injured in an accident, the cause of which he

is not able to explain. In the case of *Ireland* v. *Marsden*, 108 Cal. App. 632 [291 Pac. 912], it was held as follows:

" 'When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of care.' (*Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020].)

"This rule has been uniformly followed in this state.

"The first question presented in this case is, do the facts proved (admitted) bring the case within this rule? Many of the older cases holding the rule applicable are reviewed by our Supreme Court in *Judson* v. *Giant Powder Co.*, *supra*, and need not be again reviewed here. The automobile has given rise to many new conditions and the courts have passed on a number of circumstances arising from the operation of automobiles where the rule has been applied. The review of some of them seems necessary to the understanding and determination of this appeal. It is conceded by the appellant that the doctrine applies to guest cases in the same manner as in cases of common carriers; further, that the automobile was under the control of the defendant. In *Brown* v. *Davis*, 84 Cal. App. 180 [257 Pac. 877], plaintiff's wife, deceased, and others were riding in an automobile at the time of the accident, which occurred late at night. Mrs. Brown was riding as an invited guest. The defendant testified that immediately before the accident 'there was a car coming . . . on the other side and what made me pull out of the road, the car was coming on the other side of the road with no lights'; that he thereupon pulled off the graveled part of the road and as he attempted to pull back again the right rear wheel collapsed and his automobile overturned; the wheel had broken off at the hub; that before turning off the graveled road he was traveling at the rate of 25 to 30 miles per hour, and that he continued at that speed until after the accident. The court held in such action the doctrine of *res ipsa loquitur* is applicable notwithstanding the deceased was an invited guest. (See, also, *Crooks* v. *White*, 107 Cal. App. 304 [290 Pac. 497].) The general rule is settled that overturning

of a vehicle operated by a common carrier raises an inference of negligence under the doctrine of *res ipsa loquitur.* (*Senney* v. *Pickwick Stages,* 82 Cal. App. 226 [255 Pac. 279].) In *Leitert* v. *Pickwick Stages,* 68 Cal. App. 504 [229 Pac. 889], the court in applying the doctrine of *res ipsa loquitur* said that 'an automobile in perfect mechanical condition which the driver is having no difficulty in operating, running upon a paved highway with ample room, does not suddenly leave the highway and run 200 feet into the bottom of a gulch if it is being operated with due and proper care'.

"In *Mansfield* v. *Pickwick Stages,* 68 Cal. App. 507 [229 Pac. 890, 891], the court says: 'Proof of the derailment of a train or of an automobile leaving the highway, and going into the gulch, or other similar accident, calls for an explanation by the defendant, or a possible inference of negligence upon its part.'

"In *Morris* v. *Morris,* 84 Cal. App. 599 [258 Pac. 616], plaintiff was injured while riding in an automobile of the defendant. Defendant's car came to an intersection of highways. Plaintiff was riding in the rear seat of the car which was being driven in a westerly direction, the intention of the parties being to turn south. Plaintiff was unable to explain the cause of the accident. She testified that when the automobile entered the intersection its course was directly toward an electric light pole which was situated between the curb and sidewalk, at the southwest corner of the intersection; when the driver attempted to turn south, the speed of the car suddenly increased and a collision with the pole occurred, causing the damage alleged. She further testified that as the automobile approached the intersection she looked to the south along the avenue and saw no automobiles approaching from that direction. The court held that the doctrine of *res ipsa loquitur* applied. . . .

"*Steele* v. *Pacific Electric Ry. Co.,* 168 Cal. 375 [143 Pac. 718], relied upon by defendant, is a case where the plaintiff was injured while getting off a street car, and claimed the car had suddenly started before she had time to get off. The court said: 'It is not necessary for a passenger to prove the cause of collision, derailment, or other accident. It is sufficient for him to prove it occurred, and such proof makes a *prima facie* case of negligence on the part of the carrier, which throws upon it the duty of explaining how

it occurred and showing that it was the result of causes beyond its control, and so relieving it from responsibility. The wisdom of the rule is apparent.' "

It has been held in California that where there are several counts in a complaint alleging negligence in varying forms, each count is independent of the other and is a complete cause of action in itself. (*Green* v. *Pacific Lumber Co.*, 130 Cal. 435 [62 Pac. 747].) It therefore follows that if any of the causes of action in the complaint allege negligence in general terms the doctrine of *res ipsa loquitur* may be applicable and if it is, proof of the happening of the accident and consequent injuries to the minor places the burden of explaining the accident upon appellant.

The verdict of the jury was general and found against respondents without reference to any specific cause of action. The order granting the motion for a new trial was equally general.

There can be no question but that the first cause of action alleges negligence in general terms. Appellant maintains that the second and all of the other causes of action allege specific acts of negligence. We have not been able to agree with this contention as to the second cause of action. While it is therein alleged that the automobile was negligently and carelessly constructed from old parts of second-hand cars and that it was not in a fit and proper condition to be driven upon the public highways, the particular defective parts or the particular manner in which the construction was careless or negligent is not alleged. An explanation of the cause of the accident is not therein contained and the allegations of this count of the complaint do not show that the plaintiff possessed information as to the particular defects in the construction of the automobile which might have caused the accident and the consequent injuries. The case of *Vertson* v. *City of Los Angeles, ante*, p. 114 [2 Pac. (2d) 411], supports our conclusion that this cause of action alleges negligence in general terms.

In the case of *Marovich* v. *Central California Traction Co.*, 191 Cal. 295 [216 Pac. 595], the court said:

"The general rule is that 'where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff instead of relying upon a general allegation of negligence, sets out specifically the

negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply'. (*Connor* v. *Atchison, T. & S. F. R. Co.,* 189 Cal. 1 [22 A. L. R. 1462, 207 Pac. 378], and cases cited.) The foregoing statement of the rule in the cited case was followed by the qualification that 'where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine'."

We therefore conclude that the second cause of action alleged negligence in general terms, and that the doctrine of *res ipsa loquitur* may be applied under its allegation and the evidence offered in support thereof.

It has been held that where the complaint alleged negligence in general terms as well as specific acts of negligence that the doctrine of *res ipsa loquitur* would apply. (*Roberts* v. *Sierra Ry. Co.,* 14 Cal. App. 180 [111 Pac. 519, 524, 527]; *Bourguignon* v. *Peninsular Ry. Co.,* 40 Cal. App. 689 [118 Pac. 669]; *Burke* v. *Dillingham,* 84 Cal. App. 736 [258 Pac. 627].) In the Roberts case it was held as follows:

"It has been held, and we think rightly, that where general allegations of negligence are followed by an enumeration of specific facts, the plaintiff will not be confined to proof of specific acts, unless the complaint clearly indicates the intention of the pleader to limit the negligence to such acts, and the rule, we think, should be equally applicable where the specific acts pleaded precede the general negligence alleged."

█ A motion for new trial upon the grounds of insufficiency of the evidence to sustain the verdict and judgment is addressed to the sound discretion of the trial court. Its order will not be disturbed on appeal except in a clear case of the abuse of such discretion. As was said in the case of *Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660, 663]:

"In a jury trial a party is entitled to two decisions on the evidence—one by the jury and one by the trial court, and the trial court is not bound by a conflict in the evidence. (*Dickey* v. *Davis,* 39 Cal. 565; *Curtiss* v. *Starr,* 85 Cal. 376 [24 Pac. 806]; *Bates* v. *Howard,* 105 Cal. 173 [38 Pac. 715]; *Condee* v. *Gyger,* 126 Cal. 546 [59 Pac. 26]; *Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337].)"

In the instant case two of the causes of action in the plaintiffs' complaint allege negligence in general terms. The courts have held an automobile a dangerous instrumentality as the term is used in connection with the *res ipsa loquitur* doctrine. The automobile which caused the injury to Peter Cookson was under the management and control of appellant and the accident was one which does not ordinarily happen if due care be used by the one operating the car. These facts bring those portions of the case in which general negligence were alleged squarely within the doctrine of *res ipsa loquitur* and establish a *prima facie* case of negligence against the appellant which he must meet by evidence. Whether or not he has successfully overcome this *prima facie* showing of negligence on his part is a question to be determined first by the jury and second by the trial judge on a motion for new trial. The judge having resolved this question against appellant, we cannot disturb his decision as, under such circumstances, he becomes the judge of the weight and sufficiency of the evidence and the credibility of the witnesses.

There is also evidence in the record which, if believed by the trial court, would support the order under certain of the causes of action where specific acts of negligence were alleged. There is evidence that the automobile suddenly swerved to its right before it turned over. This would support the inference contended for by respondents that some portion of the steering gear locked, causing the car to swerve and roll. Appellant contends that the swerving was caused by a front tire blowing out. There is evidence to the effect that the explosion did not occur prior to the swerving of the car. All reasonable inferences which may be drawn from the evidence must be considered by us in support of the order granting the motion for new trial.

The order appealed from is affirmed.

Jennings, Acting P. J., and Allison, J., *pro tem.*, concurred.