BARGER, et al, Appellant, v. CHELPON, Respondent.

(243 N. W. 97.)

(File No. 7143. Opinion filed June 13, 1932.)

*McFarland & Kremer,* of Watertown, for Appellants.

*Howes & Temmney* and *Chas. P. Warren,* all of Huron, for Respondent.

ROBERTS, J. This action was instituted by the administrators of the estate of Kate Govis, deceased, to recover of the defendant damages for the death of the said Kate Govis, caused by the overturning of the defendant's automobile.

The defendant, accompanied by the decedent and her brother, Pete Govis, was driving his automobile from Watertown to Huron. The accident occurred about 4 o'clock in the morning, July 6, 1926, on federal highway No. 14, about three miles east of Cavour. The negligence charged against the defendant was that he operated his car in a "negligent and careless manner" and "with wilful and wanton disregard of the rights and safety of his passengers"; that the defendant operated an automobile known to him to contain "defective parts and mechanism and many parts that were worn out"; and "that during the month of July, 1926, the said defendant was inexperienced in the use of an automobile for passenger purposes and had practically no experience in driving and operating an automobile at such time, and that said defendant was an unsafe driver and incapable of operating said automobile, in a safe, careful and prudent manner, all of which was known to the said defendant during the times mentioned in the complaint."

The only evidence given as to how the accident occurred was that of the defendant when he was called as an adverse witness. He was the only surviving witness to the accident; Pete Govis, an occupant of the car at the time of the accident, died a year or more later and prior to the time of trial. The defendant testified: "I was the driver of the car in which Kate Govis was riding on the night of the accident or early morning of July 6, and that was my car. I had it about two months or a little more. * * * I didn't know anything about the car, but I was trying to keep my

car in as good condition as I could. I told the man to look and see if everything was all right. I didn't know how to fix it. I had them check it for oil, gas and grease to see if everything was all right. It was a second hand car. * * * There were no ruts, no heavy gravel and nothing wrong with the road. At that time and before the accident, coming down on the grade, part of the time I was talking with Kate and part I was singing. * * * I don't know anything about it. We tipped over and found ourselves in the ditch. I was in the car and Kate was out of the car and her brother was in the back seat; it began jumping up and down and I couldn't hold it in the road. I couldn't hold it. * * * It went from the middle of the road to the left ditch. * * * I tried to hold the car and couldn't hold it in the road. I don't know what I did then. I yelled, 'Hang on.' " In reply to the question, "Do you think something was wrong with the car?" the witness answered, "I don't know. I couldn't hold it."

The defendant at the conclusion of the testimony of the plaintiff made a motion for a directed verdict which was granted by the court, and judgment was entered for the defendant. Plaintiffs appeal from the judgment and an order denying motion for new trial.

There was no direct evidence as to the rate of speed of the car at the time of the accident, and no evidence to sustain the allegation that the car was mechanically defective. The condition of the automobile after the accident does not appear in the record. There is no showing of negligence, unless the doctrine of res ipsa loquitor is applicable. The contention of the plaintiffs is that the circumstances of the accident were such as to justify the application of this doctrine.

The fact that decedent was a gratuitous guest did not relieve defendant of the duty of exercising ordinary care to avoid injury. The great weight of authority sustains the rule that the owner of an automobile is' liable for injury, through the operation of the car by him, to an invited guest, if he fails to exercise care reasonably commensurate with the nature and hazard attending such mode of travel, not unreasonably to expose the guest to danger and injury by increasing such hazard. Cleary v. Eckart, 191 Wis. 114, 210 N. W. 267, 51 A. L. R. 576; Benjamin v. Noonan, 207 Cal. 279, 277 P. 1045; Bolton v. Wells, 58 N. D. 286, 225 N. W.

791; Bauer v. Griess, 105 Neb. 381, 181 N. W. 156; Avery v. Thompson, 117 Me. 120, 103 A. 4, L. R. A. 1918D, 205, Ann. Cas. 1918E, 1122; see Annotations, 20 A. L. R. 1008, and 65 A. L. R. 952. In some jurisdictions it is held that one inviting another to ride in his automobile is not, in the absence of gross negligence, liable for injury to him by the overturning of the car. In this state there are no degrees of negligence, and the rule in those jurisdictions would have no application in this state.

The doctrine of res ipsa loquitur may be stated to be that, whenever a thing which has caused an injury is shown to have been under the control and management of the defendant charged with negligence, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the accident itself is deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care. 20 R. C. L. 187. It does not mean that negligence can be assumed from the mere fact of an accident and injury, but the expression that the thing speaks for itself is a short way of saying that the circumstances attending upon the accident are in themselves of such a character as to justify a jury in inferring negligence as the cause of the injury. 2 Jones on Evidence, § 518. It is said that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as such. Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905. It is the province of the court in the first instance to determine whether or not the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence. Hughes v. Atlantic City & S. R. Co., 85 N. J. Law, 212, 89 A. 769, L. R. A. 1916A, 927. When all the evidence is submitted, the question for the jury is whether the preponderance is with the plaintiff. It is within the province of the jury to find for the defendant on plaintiff's evidence, by discrediting the witnesses or otherwise acting within its proper realm, despite the fact that defendant offers no evidence and the trial court has held that the principle of res ipsa loquitur is applicable.

The doctrine has been applied in cases of injury to invited guests caused by the operation of automobiles. Huddy on Automobiles (8th Ed.) § 345; Berry on Automobiles (6th Ed.) § 723. The doctrine has been more frequently applied in cases against carriers of passengers than in any other class, but it has been held that there is no foundation for the limitation of the rule. The doctrine originates from the nature of the act, not from the nature of the relation between the parties, and consequently the rule is as applicable to automobile carriers without reward as to carriers for hire. Brown v. Davis, 84 Cal. App. 180, 257 P. 877; Crooks v. White, 107 Cal. App. 304, 290 P. 497.

The doctrine was applied where a truck operated by the defendant ran off the highway and collided with and damaged a building, and no other testimony was produced to prove negligent operation of the truck and in the absence of an explanation on the part of the defendant showing the exercise of ordinary care in its operation. Scovanner v. Toelke, 119 Ohio St. 256, 163 N. E. 493, 494; see also Zwick v. Zwick, 29 Ohio App. 522, 163 N. E. 917; Id., 119 Ohio St. 644, 166 N. E. 202.

It was applied in Chaisson v. Williams, 130 Me. 341, 156 A. 157, to a situation where an automobile went off the road and ran against a stump of a tree causing injury to an invited guest. Therein the court says: "Automobiles, when operated by prudent persons, with reasonable care, do not usually leave the highway, and run headlong into the woods, until stopped by the stump of a tree. When they do, it is the extraordinary, and not the ordinary, course of things. Where an automobile, and the operation thereof, are exclusively within the control of the defendant, whose guest is injured, and it is not reasonably in the power of such guest to prove the cause of the accident, which is one not commonly incident, according to everyday experience, to the operation of an automobile, the occurrence itself, although unexplained, is prima facie evidence of negligence on the part of the defendant."

The Supreme Court of Massachusetts in the case of Cook v. Cole, 273 Mass. 557, 174 N. E. 271, held that the fact, unexplained, that a truck went off the road and struck a tree, did not show gross negligence on the part of the defendant and denied recovery to an invitee under the rule that prevails in that state that there can

be no recovery, in the absence of gross negligence. The court, however, stated that the evidence warranted a finding of ordinary negligence.

It has been repeatedly held in California that the doctrine of res ipsa loquitor applies where an automobile runs off the highway on which it has traveled and overturns when the automobile and its operation are exclusively within the control of the defendant, and the precise cause of the overturning of the automobile is unknown. Leitert v. Pickwick Stages, 68 Cal. App. 504, 229 P. 889; Mansfield v. Pickwick Stages, 68 Cal. App. 507, 229 P. 890; Brown v. Davis, 84 Cal. App. 180, 257 P. 877; Morris v. Morris, 84 Cal. App. 599, 258 P. 616; Cookson v. Fitch (Cal. App.) 3 P. (2d) 27.

Where a defendant's automobile suddenly ran over a curb and sidewalk and struck a pedestrian, it was held that such fact was in itself some evidence of negligence and sufficient to take the case to the jury. Rogles v. United Rys. Co. (Mo. Sup.) 232 S. W. 93. See, also, Green v. Baltuch (Sup.) 191 N. Y. S. 70; Brown v. Des Moines Steam Bottling Works, 174 Iowa, 715, 156 N. W. 829, 1 A. L. R. 835; Iannuzzi v. Bishop, 151 A. 477, 8 N. J. Misc. R. 609; Hamburger v. Katz, 10 La. App. 215, 120 So. 391.

■ The defendant contends that the complaint pleads specific acts of negligence, and consequently the doctrine of res ipsa loquitur can have no application. There is considerable conflict in the authorities as to the effect of a pleading setting forth specific acts of negligence on the right of the plaintiff to rely on or invoke the doctrine under consideration. In some jurisdictions an absolute rule is established to the effect that where specific acts of negligence are pleaded, the plaintiff cannot invoke the doctrine, and that this is the effect of specific allegations of negligence, though the complaint also contains allegations of general negligence. The specific allegations are construed to supersede or limit the general allegations, and the plaintiff, having indicated by his complaint that he has knowledge of the specific negligent acts causing the injury, cannot rely upon any inference of negligence. Roscoe v. Met. St. R. Co., 202 Mo. 576, 101 S. W. 32; May v. City of Hannibal, 186 Mo. App. 602, 172 S. W. 471; Chicago Union Traction Co. v. Leonard, 126 Ill. App. 189; Trinity & B. Valley Ry. Co. v. Gary (Tex. Civ. App.) 144 S. W. 1045. In other jurisdictions

a plaintiff is not deprived of the right to invoke the rule where specific acts of negligence merely are alleged. It is said that the plaintiff is only required to prove facts essential to a recovery, and is not deprived of the benefit of the doctrine merely because he alleges a stronger case than he is able to prove. Walters v. Seattle, R. & S. R. Co., 48 Wash. 233, 93 P. 419, 24 L. R. A. (N. S.) 788; Dearden v. San Pedro, L. A. & S. L. R. Co., 33 Utah, 147, 93 P. 271; McNamara v. Boston, etc., Ry. Co., 202 Mass 491, 89 N. E. 131. However, in other jurisdictions a plaintiff is not denied the right to rely upon the doctrine, though he alleges specific acts of negligence and fails to substantiate these specific acts, if he also alleges negligence in general terms. The allegations of the specific acts of negligence, while not depriving plaintiff of the benefit of the doctrine, relieves the defendant from the burden of disproving or meeting any other negligent acts than those alleged. Roberts v. Sierra R. Co., 14 Cal. App. 180, 111 P. 519, 527; Washington-Virginia R. Co. v. Bouknight, 113 Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546; De Roire v. Lehigh Valley Ry. Co., 205 App. Div. 549, 199 N. Y. S. 652; Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479.

The complaint alleges that the automobile contained "defective parts and mechanisms and parts that were worn out," and that defendant was an inexperienced and incompetent driver. There is no attempt to specify the particular defects and the particular manner in which the defendant was negligent, or to plead any particular act or omission. The complaint contains general allegations of negligence to the effect that the defendant was negligent in the management and operation of his car. If a plaintiff fails to prove or abandons the claim of specific acts of negligence and relies on general allegations, we are of the opinion that he should not be deprived of the benefit of the doctrine under consideration. We recognize that such doctrine, being a rule of necessity, should be invoked sparingly and only when the facts and demands of justice make the application essential. 45 C. J. 1200. The rule, however, is founded on an absence of specific proof of facts or omissions constituting negligence and not on the absence of specific allegations of such facts or omissions, and, without deciding whether or not the allegations referred to are specific as distinuished from general allegations, we hold that plaintiffs were

not confined to proof of specific acts of negligence, and were not estopped from relying upon the doctrine under consideration.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.