BUDGETT, Appellant, v. SOO SKY WAYS, INC., Respondent.

(266 N. W. 253.)

(File No. 7767. Opinion filed March 30, 1936.)

*T. R. Johnson* and *John C. Mundt,* both of Sioux Falls, for Appellant.

*Bielski, Elliott & McQuillen,* of Sioux Falls, for Respondent.

POLLEY, P. J. This action is brought by plaintiff, as administratrix of the estate of her deceased husband, Clarence Budgett, for the recovery of damages resulting from the death of said decedent, claimed to have been caused by the negligence of defendant in the operation of an airplane in which decedent was riding. The

case was tried to a jury. At the close of the evidence defendant moved for a directed verdict. This motion was denied and the case was submitted to the jury. The jury returned a verdict for plaintiff, but defendant moved for judgment n. o. v. This motion was granted, and plaintiff appeals.

The facts involved in the case are about as follows: Defendant was engaged in the business of selling airplanes; and for the purpose of storing, showing, and demonstrating such airplanes had a landing field and hangar near the city of Sioux Falls; that for the purpose of carrying on such business defendant had in its employ an agent and employee by the name of Jack Hollister, who was a licensed airpilot and who was in general charge of the said airport. About the 30th day of March, 1931, the said Clarence Budgett, plaintiff's intestate, and one Philip W. Schmidt went to said airport as prospective buyers of an airplane, and made arrangements with the said Jack Hollister to demonstrate to them a certain airplane, then in defendant's hangar, described as a "Travelair OX5," open cockpit model. The said airplane was equipped with two cockpits, the front one of which was designed to hold two passengers, and the rear cockpit was designed to hold one passenger. The said cockpits were equipped with dual controls. The said plane was made ready for the demonstration, and the said Budgett and Schmidt seated themselves in the front cockpit, while Hollister occupied the rear cockpit. The controls in both cockpits were hooked up. Budgett and Schmidt being licensed airpilots understood the different parts of the airplane and of course realized the danger and possible consequences of interfering with the dual controls. The said plane "took off" the ground under the control of the said Hollister and made a few, probably not over two or three, turns about the flying field, when, in making a turn in the air, the said airplane suddenly stalled, and, turning its nose downward, crashed to the ground. Schmidt and Budgett were both killed almost instantly. Hollister was rendered unconscious but was not seriously injured.

At the trial the plaintiff introduced in evidence aeronautics bulletin No. 7 containing air commerce regulations, including, among others, the following rule: "Supplies and equipments * * * (B) in licensed aircraft the controls shall be so constructed or ar-

ranged as to prevent passenger or cargo from interfering with the course of flight of the aircraft."

The front cockpit in the said airplane was only 31 inches in width. The control stick in the said cockpit stuck up through the bottom of the cockpit so that when the two men were seated therein the said control stick stuck up between them. Both men were dressed in heavy flying suits, so that necessarily they were more or less crowded in the said cockpit, and it does not seem that, so seated, they could have avoided coming in contact with the said stick.

It is claimed by the plaintiff that in using the ship with the dual controls hooked up while being used for demonstration purposes the defendant violated the federal rule above set out and was, therefore, negligent and that such negligence was the proximate cause of the accident. On the other hand, it is claimed by defendant that Schmidt and Budgett, being experienced pilots, were negligent in riding in a ship with the dual controls hooked up and that such negligence contributed to the accident. It is not necessary to determine which, if either, of the parties was negligent, because however negligent Schmidt and Budgett may have been in riding in the cockpit with the dual controls hooked up, it is not shown by any evidence in the record that such negligence contributed in any way or to any extent to the accident. It is possible that either Schmidt or Budgett may have taken hold of the stick and moved it in such a way as to have turned the nose of the ship toward the ground, and in that way caused the crash; but there is no evidence that either of them did anything of the kind.

On the other hand, the pilot may have made a false move and pulled the stick the wrong way, or he may have made too short a turn or too steep a bank and lost flying speed of the ship, and for that reason it fell to the ground. The evidence shows that the ship could not remain in the air at a speed of less than 45 to 50 miles per hour.

Lastly, appellant invokes the doctrine of res ipsa loquitor, which, as applied to this case, means that the state of the evidence and the surrounding circumstances were such that the accident could not have happened except through negligence on the part of the pilot. Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97. But that

doctrine cannot be applied in this case, because there is no more probability that the accident was caused by negligence on the part of the defendant than on the part of Budgett or Schmidt. In other words, plaintiff has failed to sustain the burden of proof and cannot recover.

The judgment and order appealed from are affirmed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, J., not sitting.